UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    -vs.-                             Case no. 2:11-cv-14108

DAMIAN JACKSON, HOLLY
JACKSON, TAMMY DANIELS, and
DIAMOND & ASSOCIATES
ENTERPRISES, LLC, individually
and doing business as DIAMOND
TAX SERVICES,

        Defendants.

_____/

## COMPLAINT FOR PERMANENT INJUNCTION AND OTHER RELIEF

Plaintiff, United States of America, for its complaint against Damian Jackson, Holly Jackson, Tammy Daniels, and Diamond & Associates Enterprises, LLC, all individually and doing business as Diamond Tax Services, states as follows:

1.      Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a), 7407, and 7408.

2.      This suit is brought under 26 U.S.C. §§ 7402, 7407, and 7408 to enjoin Damian Jackson, Holly Jackson, Tammy Daniels, and Diamond & Associates Enterprises, LLC, all individually and doing business as Diamond Tax Services, from the following activities:

(a)      Preparing or filing, or assisting in, or directing the preparation or filing of any federal tax return, amended return or other federal tax documents or forms for any other person or entity;

(b)     Directly or indirectly organizing, promoting, marketing, or selling any plan or

arrangement that advises or helps taxpayers to violate internal revenue laws or

unlawfully evade the assessment or collection of their federal tax liabilities,

including promoting, selling, or advocating the misuse of Internal Revenue

Service (IRS) Forms including Forms 56, 1040, 1065, 1120, 1096, 1099-OID,

1099-A, 1099-INT under the false claims that:

    i.      Taxpayers have an account with the Treasury Department which they can

use to pay their debts and tax liabilities or which they can draw on for

refunds through a process that is often called "redemption" or

"commercial redemption."

    ii.     Taxpayers can name the U.S. Treasury Secretary as their fiduciary or can

draw on the U.S. Treasury to pay their debt or tax liabilities using Forms

1099-OID, bonded promissory notes, sight drafts or other documents;

    iii.    Taxpayers can issue IRS forms 1099-OID to a creditor and report the

amount on the form as federal income tax withheld on their behalf;

    iv.     Taxpayers can issue other IRS forms that overstate income withholding or

purport to appoint U.S. government officials as their fiduciaries;

(c)     Engaging in conduct subject to penalty under 26 U.S.C. § 6694;

(d)     Engaging in conduct subject to penalty under 26 U.S.C. § 6700, including

organizing or selling a plan or arrangement and making or furnishing a statement

regarding the excludability of income or securing any other tax benefit that they

know or have reason to know is false or fraudulent as to any material matter;

- 2 -

(e) Engaging in conduct subject to penalty under 26 U.S.C. § 6701, including preparing and filing tax returns and other documents that understate the tax liabilities of others;

(f) Preparing their own federal income tax returns with fabricated income-tax withholding and refunds based on amounts shown in Forms 1099-OID issued to their creditors;

(g) Filing, providing forms for, or otherwise aiding or abetting the filing of frivolous Forms 1040, 1099, and other IRS forms for themselves or others, including the notarization or signing of certificates of service or similar documents in connection with the frivolous tax returns;

(h) Representing anyone other than themselves before the Internal Revenue Service;

(i) Engaging in any other conduct that is subject to penalty under the Internal Revenue Code or that interferes with the proper administration and enforcement of the internal revenue laws.

3. Pursuant to 26 U.S.C. §§ 7402, 7407, and 7408, this action has been requested by the Chief Counsel of the IRS, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General.

**Defendants**

4. Damian Jackson (Damian) resides in Sterling Heights, Michigan, and does business through Diamond & Associates Enterprises, Inc. as Diamond Tax Services, which has a business mailing address of P.O. Box 1264, Sterling Heights, Michigan, 48311-1264.  Damian is

a minister at the Perfecting Church in Detroit, Michigan.  Venue is thus proper in this Court

under 28 U.S.C. § 1391 because Damian resides in this judicial district.

    5.    Holly Jackson (Holly) resides in Sterling Heights, Michigan, and does business

through Diamond &Associates Enterprises, Inc. as Diamond Tax Services, which has a business

mailing address of P.O. Box 1264, Sterling Heights, Michigan, 48311-1264.  Holly is married to

Damian.  Venue is thus proper in this Court under 28 U.S.C. § 1391 because Holly resides in this

judicial district.

    6.    Tammy Daniels (Daniels) resides in Farmington Hills, Michigan, and does

business through Diamond & Associates Enterprises, Inc. as Diamond Tax Services, which has a

business mailing address of P.O. Box 1264, Sterling Heights, Michigan, 48311-1264.  Daniels is

an attorney licensed in the State of Michigan. Venue is thus proper in this Court under 28 U.S.C.

§ 1391 because Daniels resides in this judicial district.

    7.    Diamond & Associates Enterprises, LLC (Diamond & Associates), is a Domestic

Limited Liability Corporation registered in the State of Michigan, and has a registered office at

33104 Wendy Drive, Sterling Heights, Michigan 48310, within this judicial district.  Damian

Jackson signed the Articles of Incorporation of Diamond & Associates in April 2002.  Holly

Jackson is a Manager and the registered agent of Diamond & Associates.  In January 2010,

Diamond & Associates filed a Certificate of Assumed Name with the Michigan Department of

Energy, Labor & Economic Growth to transact business under the assumed name of Diamond

Tax Services.

    8.    In 2010, Damian, Holly, Daniels, and Diamond & Associates, all individually and

doing business as Diamond Tax Services, received compensation in exchange for preparing and

- 4 -

filing frivolous documents and fraudulent federal tax returns covering the tax years 2006, 2007, 2008, and 2009.

9.     Damian identifies himself and/or Diamond Tax Services as the "paid preparer" of federal income tax returns by signing the returns and/or using a unique Preparer Tax Identification Number issued to him by the IRS.  IRS interviews with Damian's customers during audits have revealed that a significant percentage of his customers became acquainted with Damian through his employment as a pastor at the Perfecting Church or by word of mouth from parishioners at the church.

10.    Holly transmits fraudulent Forms 1099 for customers of Diamond Tax Services using a unique transmitting number, issued to Holly Jackson of Diamond & Associates, which allows Holly to electronically file such forms through the IRS's Filing Information Returns Electronically (FIRE) system.

11.    Daniels is identified on the tax returns that Damian prepares for Diamond Tax Services customers as "C/O Attorney Tammy Daniels P.O. Box 1264" on the customers' address line, in lieu of the customers' addresses, and negotiates erroneous tax refund checks issued to customers as a result of Damian's and Holly's fraudulent tax return preparation.

**Defendants' Tax-Fraud Scheme**

12.    Damian and Holly, through Diamond & Associates, prepare federal tax returns for customers on which they grossly overstate their customers' income and tax withholding and to which they append frivolous documents in order to fraudulently obtain grossly inflated tax refund checks for his customers.

13.     Under the federal tax withholding system, employers must withhold taxes from a taxpayer's wages.  Additionally, a taxpayer may have tax withheld from other sources, such as gambling winnings.  Later, when a taxpayer files his or her year-end tax return, the IRS refunds the amount, if any, of withholding in excess of the taxpayer's tax liability.

14.     Damian and Holly, through Diamond & Associates, exploit the tax withholding system by overstating income and withholding amounts by hundreds of thousands of dollars to improperly obtain tax refunds worth hundreds of thousands of dollars for his customers. In some instances, Damian and Holly, through Diamond & Associates, have overstated their customers' income and withholding amounts by hundreds of thousands of dollars in an effort to obtain refund checks for hundreds of thousands of dollars.

15.     The bogus claims that Damian and Holly, through Diamond & Associates, make on their customers' tax returns are based on a frivolous tax-defier theory called "redemption" or "commercial redemption."  Promoters of this theory claim that the United States government maintains for each taxpayer a secret treasury account worth millions of dollars.  By sending government officials and banks unsolicited documents and various IRS forms, promoters claim customers can use this nonexistent secret treasury account to satisfy their debts and liabilities, including tax liabilities.

16.     In support of the fraudulent refund claims, Damian, through Diamond & Associates, reports bogus "Form 1099 OID" income on the Schedules B attached to tax returns that they prepare for customers, and Holly, through Diamond & Associates, files bogus Forms 1099-OID with the IRS.

17.     Original issue discount (OID) income refers to the difference between the price for which a debt instrument is issued and its stated redemption price at maturity.  OID income is generally included in a taxpayer's income as it accrues over the term of a debt instrument, regardless if the taxpayer receives payments from the issuer of the debt instrument.  OID income is treated like a payment of interest and a party issuing a financial instrument generating OID income must issue a Form 1099-OID.

18.     In 2009, Holly submitted to the IRS an Application for Filing Information Returns Electronically (FIRE) on behalf of Diamond & Associates.  The IRS created a FIRE system account for Diamond & Associates.  The FIRE program facilitates the electronic filing of information returns, such as Forms 1099-OID.

19.     Holly files false Forms 1099-OID with the IRS electronically through the FIRE system account registered to Diamond & Associates.

20.     The frivolous federal income tax returns that Damian and Holly, through Diamond & Associates, prepare falsely state that their customer either issued a debt instrument that generated OID income or purchased a debt instrument that generated OID income.

21.     The frivolous federal income tax returns that Damian and Holly, through Diamond & Associates, prepare also falsely state that federal income taxes were withheld for the full amount of OID income purportedly received by their customer.

22.     The frivolous federal income tax returns that Damian and Holly, through Diamond & Associates, prepare list OID income purportedly received by their customer to or from a creditor of the customer.  The federal income tax returns Damian and Holly, through Diamond & Associates, prepare also report tax withholding for near the amount of the debt.  The

- 7 -

result of this is a return showing an inflated tax liability for the customer but, because of the purported tax withholdings, the return also claims a huge false refund.

23.     Consequently, Damian's and Holly's customers fail to file proper federal income tax returns and falsely claim tax refunds to which they are not entitled.

24.     The ostensible purpose of Damian's and Holly's frivolous tax returns and Forms 1099-OID is to request refunds by accessing a supposed Treasury account.

25.     In reality, Damian and Holly, through Diamond & Associates, fraudulently report that tax was withheld from their customers and then claim refunds based on that false withholding.

26.     The returns that Damian and Holly, through Diamond & Associates, submit on behalf of their customers falsely claim that each customer had taxes withheld in an amount nearly as large as the total amount of income reported on fraudulent Forms 1099-OID attached to the tax return and/or the total amount reported on the Schedule B attached to the return as "Form 1099 OID" income.  The income amounts listed on the Forms 1099-OID are based on the total amount of debt the customer owes to his/her creditor.

27.     The Defendants' redemption theory is complete fiction and has been rejected by numerous courts.  In promoting this fraudulent scheme, the Defendants have injured their customers, and the United States, which has paid at least $1,668,906.86 in erroneous refunds because of Damian's and Holly's fabricated withholding claims.

28.     The tax returns prepared by Damian and Holly, through Diamond & Associates, frequently list "Attorney Tammy Daniels" and the address of Diamond Tax Services on the address line of the return.

- 8 -

29.     Several of the erroneous refund checks were issued in care of Daniels, as requested on the tax returns prepared by Damian and Holly for their customers.

30.     Damian, Holly, and Daniels, through Diamond & Associates, typically charge their customers 10 percent of the expected refund as a fee for preparing and filing their tax returns.

31.     Daniels negotiated the erroneous refund check issued to at least one customer of Damian and Holly, endorsing the check as "Tammy Daniels, Attorney in Fact."

### Defendants' Promotion of Tax-Fraud Scheme

32.     Damian, Holly, and Daniels, through Diamond & Associates, promote a plan or arrangement whereby they solicit and collect fees from customers for the preparation and filing of fraudulent tax returns and Forms 1099-OID, and the receipt and processing of refund checks from the IRS resulting from the fraudulent claims on the tax returns.  The package includes Damian's preparation of federal tax returns with false claims for refunds based on fraudulent Forms 1099 that Holly submits to the IRS, and Daniels' agreement to act on the customer's behalf before the IRS.

33.     As part of this arrangement, customers agree to pay to Damian, Holly, and Daniels, through payment to Diamond & Associates, a non-refundable fee of either $500 or $995 (an amount dependent on whether the amount in the customers' financial accounts is greater or less than $100,000 at the time of registering for the promotion), and a "10% refund acquisition fee of the amount of the refund check" upon receipt of the refund from the IRS.

- 9 -

34.     As part of the arrangement, customers are required to complete and sign an IRS Form 8822 change of address form to redirect the refund check from the customer to Daniels at the business address of Diamond & Associates.

35.     Customers also execute a power of attorney granting Daniels the authority to open mail from the IRS addressed to the customer and to endorse any refund check issued to the customer.

36.     As part of the arrangement, customers agree to direct any correspondence from the IRS that is not a refund check to Diamond & Associates for "proper handling."

37.     Customers are also required to enter into a non-disclosure and confidentiality agreement with Diamond & Associates.

38.     As a result of the Defendants' promotion of their tax-fraud scheme, their customers are harmed by having to pay fees to the Defendants' for the preparation and filing of fraudulent tax returns, which in turn results in additional taxes and penalties assessed against the customers.  The United States is harmed because it pays out improper refunds based on the false claims that the Defendants report on the tax returns and Forms 1099-OID submitted to the IRS as part of the Defendants' promotion.

39.     For example, Damian, Holly, and Daniels, through Diamond & Associates, promoted their fraudulent arrangement to Mark Nobles of Orlando, Florida.

40.     As part of the Defendants' promotion, Nobles executed a Refund Distribution Agreement with Diamond & Associates, agreeing, in part, to pay a "non-refundable registration fee" of $995 to Diamond & Associates and 10% of the refund check that he received from the IRS following the filing of the tax return through the promotion.

41.     As part of the Defendants' promotion, Nobles executed a "limited power of attorney" on March 12, 2010, appointing Tammy Daniels to act on his behalf for carrying out the terms of the promotion, including endorsing the refund check and issuing the proceeds of the check to Nobles after Diamond & Associates took its 10% cut.

42.     Nobles paid for the promotion with a cashier's check in the amount of $995, dated March 12, 2010, made payable to Diamond & Associates.

43.     Damian prepared Nobles' amended 2006 tax return, claiming $234,647 in false withholdings from "1099-OID" income, and requesting a bogus refund in that same amount of $234,647.

44.     Damian's signature appears on the return as the paid preparer, with "Diamonds Tax Services" listed as the preparer's firm.  In lieu of Nobles' address, the return lists "c/o Attorney Tammy Daniels" and provides the address of Diamond Tax Services where Nobles' address should appear.

### *Damian and Holly, through Diamond & Associates, Prepared Tax Returns for Customers that Frivolously Overstated their Income and Withholdings and Claimed Over Nineteen Million Dollars in Bogus Refunds.*

45.     The IRS has identified at least 112 tax returns, signed by Damian as the paid preparer, that Damian prepared for customers in 2010 using the bogus "redemption" theory. These 112 returns fraudulently claim a total of $21,316,017 in withholdings and $18,193,861 in refunds. These identified tax returns include Form 1040 income tax returns for tax year 2009, and also Forms 1040X amended income tax returns for tax years 2005, 2006, 2007, and 2008.

46.     The IRS has identified at least another 70 tax returns that are associated with Diamond Tax Services, but not signed by Damian as the paid preparer.  These include returns

filed in connection with Forms 1099-OID transmitted by Holly; listing Daniels and the business address of Diamond Tax Services on the taxpayer's address line on the return; or simply listing "Diamond Tax Services" as the paid preparer.  The total bogus withholdings and refunds claimed by the total 182 tax returns identified by the IRS as being prepared by Diamond Tax Services are $37,200,150 and $29,946,778.19, respectively.

47.     For example, Damian prepared a 2006 federal tax return for customer Leslie Horn, from Detroit, Michigan, on April 13, 2010, which included a fraudulent Form 1099-OID listing "Freedom Mortgage Corp" as the payor of OID income (although the purported income amount is not listed), and falsely claiming that $885,600 was withheld in federal income tax. Damian listed the false withholdings of $885,600 on Horn's tax return, and requested a bogus refund in that same amount.

48.     Damian also prepared Horn's 2007 and 2008 federal tax returns on April 14, 2010.  Attached to Horn's 2007 return is a fraudulent Form 1099-OID listing "Freedom Mortgage Corp" as the payor of OID income and falsely claiming withholdings of $221,400. Damian reported these false withholdings on Horn's tax return and requested a bogus refund in the amount of $220,589.  Similarly, Horn's 2008 return has two fraudulent Forms 1099-OID attached, listing Bayview Loan Servicing LLC and Countrywide Home Loans as the payors of OID income, and falsely claiming that $56,250 and $103,680 in federal income tax was withheld, respectively, from Bayview and Countrywide.  Damian falsely claimed on Horn's 2008 tax return that a total of $159,930 was withheld in taxes from purported Form 1099-OID income, and claimed a bogus refund in the amount of $156,075.

49.     Horn's 2006, 2007, and 2008 tax returns are all signed by Damian Jackson of Diamond Tax Services as the paid preparer, and these returns all list "Attorney Tammy Daniels" and the business address of Diamond Tax Services on the taxpayer's address line.  The Forms 1099 were transmitted to the IRS through the FIRE system account registered to Diamond & Associates.

50.     Damian prepared the 2007 tax return of customer Lawrence Young from Detroit, Michigan.  Damian and Young became acquainted through the Perfecting Church.  The taxpayer address line on the return lists "Attorney Tammy Daniels" and the address of Diamond Tax Services.  Damian signed the return as the paid preparer, and Holly, using the FIRE system account registered to Diamond & Associates, transmitted Forms 1099 in connection with the return.

51.     On Young's 2007 tax return, Damian falsely claimed withholdings in the amount of $116,250.  The bogus Forms 1099-OID attached to the return reported purported withholdings from income to Young from Chase Bank in the amount of $112,050 and from Bank of America in the amount of $4,200.  As a result of the false withholdings reported on the return, Damian claimed a bogus refund in the amount of $85,311, which the IRS erroneously issued to Young.

52.     As a result of the bogus claims made on Diamond Tax Services' customers returns, the IRS erroneously issued at least $1,668,906.86 in improper refunds to Diamond Tax Services' customers.  The Defendants profit from these erroneous refunds because they receive a 10% cut of the refund.

53.     For example, Damian prepared the 2006 tax return of Omar Proctor, a minister at the Perfecting Church, from Southfield, Michigan, on which he claimed $409,957 in bogus

withholdings from purported Form 1099 income and a bogus refund in the amount of $283,468. Holly transmitted bogus Forms 1099 to the IRS through the FIRE system account registered to Diamond & Associates.  The IRS erroneously issued the refund to Proctor as a result of the fraudulent tax return that Damian prepared.

54.     Similarly, Damian prepared the 2009 tax return of John and Tangelina Bidden, from Dearborn, Michigan, which falsely claimed $21,277 in withholdings on the return based on 1099-OID income and requested a bogus refund in the amount of $19,262.  Holly transmitted bogus Forms 1099 to the IRS through the FIRE system account registered to Diamond & Associates.  The IRS erroneously issued the refund, and the refund check was made payable to the Biddens and Daniels, because Daniels' name and Diamond Tax Services' address were listed on the taxpayer address line on the return.  John Bidden and Daniels both endorsed the refund check, with Daniels signing her name as "Attorney-in-fact."

### Damian and Holly Jackson Filed Personal Income Tax Returns that Frivolously Overstated their Own Income and Withholdings Based on their Fraudulent Scheme and Wrongly Claimed Over a Two and One-Half Million Dollars in Refunds.

55.     Damian and Holly Jackson's frivolous return preparation is not limited to returns for their customers. Damian and Holly have asserted the same bogus "commercial redemption" theories and attached fraudulent Forms 1099-OID to their personal tax returns. The following

chart shows the Jacksons' bogus reported withholdings and fraudulent claims for refund on their

personal returns for tax years 2005 through 2009:

| Tax Year | Form | Reported Withholdings | Form 1099-OID "Income" | Claimed Refunds |
|---|---|---|---|---|
| 2005 | 1040X | $313,466 | $348,295.00 | $217,788 |
| 2006 | 1040X | 1,755,330 | 1,950,367.00 | 1,106,969 |
| 2007 | 1040 | 1,415,688 | 1,572,987.00 | 922,999 |
| 2008 | 1040 | 210,805 | 234,229.00 | 122,626 |
| 2009 | 1040 | 192,494 | 192,893.63 | 141,795 |
| Total: | | $3,887,783 | $4,298,771.63 | $2,512,177 |

### Harm Caused by the Defendants' Misconduct and Tax-Fraud Scheme

56.     Diamond Tax Services prepared and filed at least 182 individual tax returns that

fraudulently overstate withholding and claim unwarranted refunds.   Many of the refund requests

on these fraudulent returns exceed $100,000, including at least one requesting a refund exceeding

$2 million.  The total amount of refunds requested on these 182 returns is over $29 million.

57.     The scheme employed by the Defendants is part of a growing trend among tax

defiers nationwide to file frivolous tax returns and other forms with the IRS and courts in an

attempt to escape their federal tax obligations and steal from the U.S. Treasury.

58.     In reliance on the Defendants' services, their customers have failed to file proper

federal income tax returns, which has either deprived their customers of proper tax refunds to

which they may have been entitled or deprived the United States of additional tax revenue owed

by the customers.  Additionally, as part of the Defendants' promotion, their customers have paid

hundreds of dollars in fees to the Defendants and, in exchange, the Defendants filed bogus returns with the IRS, which the customers must now correct.

59.     While the IRS is able to detect and stop most fraudulent refund claims, the Defendants' fraudulent tax return preparation has resulted in the IRS's issuance of at least $1,668,906.86 in erroneous refunds to their customers.

60.     In addition to the lost revenue due to the issuance of erroneous refunds, the Government has also incurred the expense of conducting the investigation of the Defendants' fraudulent return preparation and responding to and processing the frivolous documents the Defendants submitted to the IRS.

### Count I: Injunction Under 26 U.S.C. § 7407

61.     The United States incorporates by reference the allegations contained in paragraphs 1 through 60.

62.     Under 26 U.S.C. § 7407, the United States may seek an injunction against any tax return preparer who has engaged in any "fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws," or who has "engaged in any conduct subject to penalty under section 6694 or 6695."

63.     If a return preparer's misconduct is continual or repeated and the court finds that a narrower injunction (*i.e.* prohibiting specific enumerated conduct) would not be sufficient to prevent the preparer's interference with the proper administration of federal tax laws, the court may enjoin the person from further acting as a return preparer.

64.     Damian and Holly, through Diamond &Associates, have continually and repeatedly prepared and filed with the IRS false and frivolous federal income tax returns on behalf of their customers.

65.     As a result, Damian and Holly, through Diamond &Associates, have continually and repeatedly engaged in fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws.

66.     Damian and Holly, through Diamond &Associates, have continually and repeatedly prepared and filed federal tax returns that understate their customers' tax liabilities as a result of unreasonable and frivolous claims and have thus engaged in conduct subject to penalty under 26 U.S.C. § 6694.

67.     Damian and Holly, through Diamond &Associates, have continually and repeatedly prepared and filed federal tax returns that understate customers' tax liabilities as a result of Damian's and Holly's willful attempt to understate their customers' tax liabilities and their reckless or intentional disregard of internal revenue laws and regulations.

68.     Injunctive relief is appropriate to prevent this misconduct because, absent an injunction, Damian and Holly, through Diamond &Associates, are likely to prepare more false and fraudulent federal income tax returns and engage in other misconduct as described in this complaint.

69.     Additionally, Damian and Holly, through Diamond &Associates, have continually and repeatedly prepared returns that include fraudulent refund claims.

70.     Damian and Holly should be permanently enjoined under 26 U.S.C. § 7407 from acting as federal tax return preparers because a more limited injunction would be insufficient to stop them from interfering with the proper administration of the tax laws.

### Count II: Injunction Under 26 U.S.C. § 7408

71.     The United States incorporates by reference the allegations contained in paragraphs 1 through 70.

72.     Under 26 U.S.C. § 7408, a district court may enjoin any person from, *inter alia*, engaging in conduct subject to penalty under 26 U.S.C. §§ 6700 and 6701 if injunctive relief is appropriate to prevent recurrence of that conduct.

73.     Section 6700 imposes a penalty on any person who organizes or participates in the sale of a plan or arrangement and in so doing makes a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by participating in the plan or arrangement which that person knows or has reason to know is false or fraudulent as to any material matter.

74.     Damian, Holly, and Daniels organized or assisted with the organization of a plan or arrangement and in doing so made or caused another person to make false and fraudulent statements with respect to the tax benefits of participating in the plan or arrangement which Damian, Holly, and Daniels knew or had reason to know were false.

75.     In particular, Damian, Holly, and Daniels organized or participated in the sale of a plan or arrangement to their customers which included Damian and Holly preparing tax returns for the purchasers of the plan or arrangement that fraudulently requested large tax refunds from

- 18 -

the Government, despite the fact that Damian, Holly, and Daniels knew or had reason to know that any such refunds were predicated on the submission of fraudulent documents to the IRS.

76.     As a result Damian, Holly, and Daniels engaged in conduct subject to penalty under 26 U.S.C. § 6700.

77.     Section 6701 imposes a penalty on any person who aids or assists in, procures, or advises with respect to, the preparation of any portion of a return, affidavit, claim, or other document, who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and who knows that such portion (if so used) would result in an understatement of the liability for tax of another person.

78.     Damian, Holly, and Daniels prepared and/or aided or assisted in the preparation and filing of federal income tax returns and other documents that resulted in the understatement of their customers' tax liabilities.

79.     As a result Damian, Holly, and Daniels have engaged in conduct subject to penalty under 26 U.S.C. § 6701.

80.     Damian, Holly, and Daniels have not acknowledged the impropriety of their actions and continue to file false and fraudulent tax returns and frivolous documents.

81.     Injunctive relief is appropriate to prevent recurrence of Damian's, Holly's, and Daniels's misconduct.

## Count III: Injunction Under 26 U.S.C. § 7402

82.     The United States incorporates by reference the allegations contained in paragraphs 1 through 81.

83.     Under 26 U.S.C. § 7402(a), a court may issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available for enforcing those laws.

84.     Damian, Holly, and Daniels, through Diamond & Associates, substantially interfere with the enforcement of the internal revenue laws by promoting their "redemption" or "commercial redemption" tax-fraud scheme and filing fraudulent and frivolous federal tax returns and other documents on behalf of their customers.

85.     As a result of Damian's, Holly's, and Daniels's misconduct and their fraudulent refund claims, their customers fail to file proper tax returns, and, consequently, may be penalized under 26 U.S.C. § 6676 for up to 20 percent of the excessive and fraudulent refund claim. Additionally, the U.S. Treasury has issued erroneous refunds for over one and one-half million dollars as a result of the Defendants' fraudulent filings, and IRS employees have spent taxpayer money investigating the Defendants' conduct, halting the issuance of erroneous refunds, and recovering erroneous refunds that have already been issued.

86.     Damian's, Holly's, and Daniels's conduct results in irreparable harm to the United States and to the public for which there is no adequate remedy at law.

87.     Damian's, Holly's, and Daniels's conduct interferes with the proper administration of the Internal Revenue Code because it results in frivolous filings with the IRS that hinder the IRS's ability to determine the correct tax liabilities of Damian's, Holly's, and Daniels's customers.

88.     Unless enjoined by this Court, Damian, Holly, and Daniels will continue to promote and administer their tax-fraud scheme and prepare fraudulent tax returns for themselves and customers.

89.     The United States is entitled to injunctive relief under 26 U.S.C. § 7402(a) to prevent the recurrence of this misconduct.

WHEREFORE, Plaintiff, the United States of America, prays for the following relief:

A.     That the Court find that Damian Jackson and Holly Jackson have continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. § 6694 and that injunctive relief is appropriate under 26 U.S.C. § 7402 and 7407 to bar Damian Jackson and Holly Jackson from acting as federal tax return preparers and from engaging in conduct subject to penalty under 26 U.S.C. § 6694;

B.     That the Court find that Damian Jackson, Holly Jackson, and Tammy Daniels have continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6700 and 6701 and that injunctive relief is appropriate under 26 U.S.C. § 7402 and 7408 to bar Damian Jackson, Holly Jackson, and Tammy Daniels from engaging in conduct subject to penalty under 26 U.S.C. §§ 6700 and 6701;

C.     That the Court find that Damian Jackson, Holly Jackson, and Tammy Daniels have engaged in conduct that substantially interferes with the enforcement and administration of the internal revenue laws, and that injunctive relief against them is appropriate to prevent the recurrence of that misconduct pursuant to 26 U.S.C. § 7402(a);

D.     That the Court, under 26 U.S.C. §§ 7402 and 7407, enter a permanent injunction permanently barring Damian Jackson and Holly Jackson from acting as federal tax return

preparers and from preparing or filing federal tax returns or forms for others, from representing others before the IRS, and from advising anyone concerning federal tax matters;

E.      That the Court, under 26 U.S.C. §§ 7402, 7407 and 7408, enter a permanent injunction prohibiting Damian Jackson and Holly Jackson and their representatives, agents, servants, employees, attorneys, independent contractors, and anyone in active concert or participation with them, from directly or indirectly:

     (1)    Preparing or filing, or assisting in, or directing the preparation or filing of any federal tax return or amended return or other related documents or forms for any other person or entity;

     (2)    Engaging in activity subject to penalty under 26 U.S.C. § 6694;

     (3)    Engaging in conduct subject to penalty under 26 U.S.C. § 6700, including organizing or selling a plan or arrangement and making or furnishing a statement regarding the excludability of income or securing any other tax benefit that they know or have reason to know is false or fraudulent as to any material matter;

     (4)    Engaging in conduct subject to penalty under 26 U.S.C. § 6701, including preparing and filing or advising with respect to tax returns and other documents that understate the tax liabilities of others;

     (5)    Engaging in any other activity subject to penalty under the Internal Revenue Code; and

     (6)    Engaging in other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws;

F.      That the Court, under 26 U.S.C. §§ 7402 and 7408, enter a permanent injunction

prohibiting Tammy Daniels and her representatives, agents, servants, employees, attorneys,

independent contractors, and anyone in active concert or participation with them, from directly or

indirectly:

    (1)    Engaging in conduct subject to penalty under 26 U.S.C. § 6700, including

    organizing or selling a plan or arrangement and making or furnishing a statement

    regarding the excludability of income or securing any other tax benefit that they

    know or have reason to know is false or fraudulent as to any material matter;

    (2)    Engaging in conduct subject to penalty under 26 U.S.C. § 6701, including

    preparing and filing or advising with respect to tax returns and other documents

    that understate the tax liabilities of others;

    (3)    Endorsing or otherwise negotiating any check issued by the Internal Revenue

    Service to anyone other than herself in connection with a federal tax return;

    (4)    Engaging in any other activity subject to penalty under the Internal Revenue Code;

    (5)    Representing anyone other than herself before the Internal Revenue Service in

    connection with the OID scheme; and

    (6)    Engaging in other conduct that substantially interferes with the proper

    administration and enforcement of the internal revenue laws;

G.      That this Court under 26 U.S.C. § 7402, enter a permanent injunction prohibiting Damian

Jackson and Holly Jackson from preparing their own federal income tax returns that claim

fabricated income-tax withholding and refunds based on the "redemption" theory and amounts

shown in Forms 1099-OID issued to their creditors;

- 23 -

H.      That this Court under 26 U.S.C. § 7402, enter a permanent injunction prohibiting Damian Jackson, Holly Jackson, and Tammy Daniels from filing, providing forms for, or otherwise aiding and abetting the filing of frivolous Forms 1040, Forms 1040X, Forms 1099 or other IRS forms for themselves or others;

I.      That this Court, under 26 U.S.C. § 7402, enter an injunction requiring Damian Jackson, Holly Jackson, and Tammy Daniels to contact by mail and email all persons for whom they have prepared federal tax returns since 2009, and all persons who have purchased any products, services or advice associated with the false or fraudulent tax scheme described in this complaint, and inform those persons of the Court's findings concerning the falsity of Damian Jackson's, Holly Jackson's, and Tammy Daniels' prior representations and provide a copy of the permanent injunction against Damian Jackson, Holly Jackson, and Tammy Daniels;

J.      That this Court, under 26 U.S.C. § 7402, order Damian Jackson, Holly Jackson, and Tammy Daniels to provide to the United States a list of all persons for whom they have prepared federal tax returns since 2009 and a list of all persons who have purchased any products, services or advice from them in them since 2009;

K.      That this Court allow the government full post-judgment discovery to monitor Damian Jackson's, Holly Jackson's, and Tammy Daniels's compliance with the injunction; and

L.      That this Court grant the United States such additional relief as the Court deems just and appropriate.

       Date: September 21, 2011

                                            Respectfully submitted,

                                            BARBARA L. MCQUADE
                                            United States Attorney

                                            <ins>s/ Daniel A. Applegate</ins>
                                            DANIEL A. APPLEGATE (P70452)
                                            Trial Attorney, Tax Division
                                            U. S. Department of Justice
                                            P.O. Box 7238, Ben Franklin Station
                                          Washington, D.C.  20044
                                          Telephone: (202) 353-8180
                                          Fax: (202) 514-6770
                                          daniel.a.applegate@usdoj.gov