

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

          -vs.-                                    Case no. 2:11-cv-14108-PDB-LJM

DAMIAN JACKSON, HOLLY
JACKSON, TAMMY DANIELS, and
DIAMOND & ASSOCIATES
ENTERPRISES, LLC, individually
and doing business as DIAMOND
TAX SERVICES,

                    Defendants.
_____/

                                    FILED
                                    2011 NOV 14 P 1:59
                                    U.S. DIST. COURT CLERK
                                    EAST. DIST. MICHIGAN
                                    DETROIT

## DEFENDANTS ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES TO PLAINTIFFS COMPLAINT FOR A PERMANENT INJUNCTION AGAINST DAMIAN JACKSON, HOLLY JACKSON, AND DIAMOND & ASSOCIATES ENTERPRISES, LLC

**NOW COMES,** DEFENDANTS, DAMIAN JACKSON IN PRO PER, HOLLY JACKSON IN PRO PER and hereby responds to the complaint of Plaintiffs UNITED STATES OF AMERICA as follows:

1. Defendants admit all allegations contained in Paragraph 1 of the complaint.

2. Defendants deny all allegations contained in Paragraph 2 of the complaint except that Tammy Daniels is not and have never been a part of Diamond & Associates Enterprises.

3. Defendants admit all allegations contained in paragraph 4 of the complaint.

4. Defendants admit all allegations contained in paragraph 5 of the complaint.

5. Defendants deny all allegations contained in Paragraph 6 except that to our knowledge and belief Tammy Daniels is an attorney licensed in the State of Michigan and state in the affirmative that Tammy Daniels is not apart of/nor has she ever done business through Diamond & Associates as Diamond Tax Services as the complaint alleges.

6. Defendants admit all allegations set forth in paragraph 7 of the complaint.

7. Defendants deny all allegations set forth in paragraph 8 of the complaint.

8. Defendants deny all allegations contained in paragraph 9 of the complaint except that Damian identifies himself as a paid preparer and signed the returns and/or uses a unique PTIN issued by the IRS. and state in the affirmative that Damian is not/nor has he ever been an employee of Perfecting Church, Damian is not/nor has he ever been a Pastor of Perfecting Church or any Church as the complaint alleges.

9. Defendants deny all allegations set forth in paragraph 10 of the complaint.

10. Defendants deny all allegations set forth in paragraph 11 of the complaint, Except Daniels is named as C/O Attorney Tammy Daniels P.O. Box 1264 per IRS form 8822 in which the individual clients authorized.

11. Defendants deny all allegations set forth in paragraph 12 of the complaint.

12. Defendants agree with the facts stated in paragraph 13 of the complaint.

13. Defendants deny all allegations contained in paragraph 14 of the complaint.

14. Defendants deny all allegations contained paragraph 15 of the complaint.

15. Defendants deny all allegations contained in paragraph 16 of the complaint.

16. Defendants agree with statements made in paragraph 17 of the complaint.

17. Defendants admit all allegations contained in paragraph 18 of the complaint.

18. Defendants deny all allegations contained in paragraph 19 of the complaint.

19. Defendants deny all allegations contained in paragraph 20 of the complaint.

20. Defendants deny all allegations contained in paragraph 21of the complaint.

21. Defendants deny all allegations contained in paragraph 22 of the complaint.

22. Defendants deny all allegations contained in paragraph 23 of the complaint.

23. Defendants deny all allegations contained in paragraph 24 of the complaint.

24. Defendants deny all allegations contained in paragraph 25 of the complaint.

25. Defendants deny all allegations contained in paragraph 26 of the complaint.

26. Defendants agree that the theory of "commercial redemption" is complete fiction and fraud, it has been and should be rejected by the court, Defendants deny the rest of the allegations contained in paragraph 27 of the complaint.

27. Defendants admit to the allegations contained in paragraph 28 of the complaint.

28. Defendants deny all allegations contained in paragraph 29 of the complaint.

29. Defendants admit to the allegations contained in paragraph 30 of the complaint, except Daniels is not/was not, nor has she ever been a part of Diamond & Associates as alleged in the complaint.

30. Defendants deny all allegations contained in paragraph 31 of the complaint.

31. Defendants deny all allegations contained in paragraph 32 of the complaint.

32. Defendants admits to the allegations contained in paragraph 33 of the complaint, except Daniels is not or nor has she ever been a part of Diamond & Associates.

33. Defendants admit to the allegations contained in paragraph 34 of the complaint.

34. Defendants admit to the allegations contained in paragraph 35 of the complaint.

35. Defendants admit allegations contained in paragraph 36 of the complaint.

36. Defendants admit allegations contained in paragraph 37 of the complaint.

37. Defendants deny all allegations contained in paragraph 38 of the complaint.

38. Defendants deny all allegations contained in paragraphs 39-41 of the complaint.

39. Defendants admit allegations contained in paragraph 42 of the complaint and state in the affirmative that Nobles was refunded $995.00 on 8/20/2010.

40. Defendants deny all allegations contained in paragraph 43 of the complaint.

41. Defendants admit allegations contained in paragraph 44 of the complaint.

42. Defendants deny all allegations contained in paragraph 45 of the complaint.

43. Defendants deny all allegations contained in paragraph 46 of the complaint.

44. Defendants deny all allegations contained in paragraph 47 of the complaint.

45. Defendants deny all allegations contained in paragraph 48 of the complaint.

46. Defendants admit allegations contained in paragraph 49 of the complaint.

47. Defendants admit allegations contained in paragraph 50, except he did not meet Mr. Young through or as a result of Perfecting Church as alleged in the complaint.

48. Defendants deny all allegations contained in paragraph 51 of the complaint.

49. Defendants deny all allegations contained in paragraph 52 of the complaint.

50. Defendants deny all allegations contained in paragraph 53 of the complaint.

51. Defendants deny all allegations contained in paragraph 54 of the complaint.

52. Defendants deny all allegations contained in paragraph 55 of the complaint.

53. Defendants deny all allegations contained in paragraph 56 of the complaint.

54. Defendants deny all allegations contained in paragraph 57 of the complaint.

55. Defendants deny all allegations contained in paragraph 58 of the complaint.

56. Defendants deny all allegations contained in paragraph 59 of the complaint.

57. Defendants deny all allegations contained in paragraph 60 of the complaint.

58. Defendants agree with the statement contained in paragraph 61 of the complaint.

59. Defendants agree with the statement contained in paragraph 62 of the complaint.

60. Defendants agree with the statement contained in paragraph 63 of the complaint.

61. Defendants deny all allegations contained in paragraph 64 of the complaint.

62. Defendants deny all allegations contained in paragraph 65 of the complaint.

63. Defendants deny all allegations contained in paragraph 66 of the complaint.

64. Defendants deny all allegations contained in paragraph 67 of the complaint.

65. Defendants deny all allegations contained in paragraph 68 of the complaint.

66. Defendants deny all allegations contained in paragraph 69 of the complaint.

67. Defendants deny all allegations contained in paragraph 70 of the complaint.

68. Defendants agree with allegations contained in paragraph 71 of the complaint.

69. Defendants acknowledge allegations contained in paragraph 72 of the complaint.

70. Defendants acknowledge allegations contained in paragraph 73 of the complaint.

71. Defendants deny all allegations contained in paragraph 74 of the complaint.

72. Defendants deny all allegations contained in paragraph 75 of the complaint.

73. Defendants deny all allegations contained in paragraph 76 of the complaint.

74. Defendants agree with the statements contained in paragraph 77 of the complaint.

75. Defendants deny all allegations contained in paragraph 78 of the complaint.

76. Defendants deny all allegations contained in paragraph 79 of the complaint.

77. Defendants deny all allegations contained in paragraph 80 of the complaint.

78. Defendants deny all allegations contained in paragraph 81 of the complaint.

79. Defendants agree with the statements contained in paragraph 82 of the complaint.

80. Defendants agree with the statements contained in paragraph 83 of the complaint.

81. Defendants deny all allegations contained in paragraph 84 of the complaint.

82. Defendants deny all allegations contained in paragraph 85 of the complaint.

83. Defendants deny all allegations contained in paragraph 86 of the complaint.

84. Defendants deny all allegations contained in paragraph 87 of the complaint.

85. Defendants deny all allegations contained in paragraph 88 of the complaint.

86. Defendants agree with the statements contained paragraph 89 of the complaint.

And now having fully answered, Defendants assert the following Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE
#### (Bases for Filings)

87. Defendants are informed and believes, that each of the causes of action in the Plantiffs' Complaint has Mischaracterized and Misrepresented the bases and Intent in which the alleged returns were filed, the defendants agree with the Governments position that the theory of "commercial redemption" is total fiction and fraud, Therefore the defendants state in the affirmative that the returns that the defendants prepared was not based upon any theory, but based upon the fact and our belief that Notes and Deposits were/are legitimate debt instruments that carry the benefit of Original Issue Discount (OID) and was filed to the best of our knowledge and belief in accordance with IRS Publication 1212.

### SECOND AFFIRMATIVE DEFENSE
#### (Good Faith and Intent)

88. Defendants are informed and believes, and state in the affirmative that defendants did not willingly or knowingly file any document(s) of any kind frivolously or fraudulently to the IRS, but filed all of the alleged returns and forms to the best of our knowledge and belief in accordance with IRS Publication 1212 .Defendants have corrected approximately 167 returns that returned clients tax account status in good standing with the IRS subsequent to the oid filings and refunded approximately the same amount of clients their cost/fees for the filings. Defendants are no longer preparing taxes as a business, however, continue to assist those needing assistance with correcting their record and good standing with the IRS.

### THIRD AFFIRMATIVE DEFENSE
#### (Right to add additional Affirmative Defenses)

89. Defendants is informed and believes and based thereon alleges that because the Complaint herein is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to the within action, Accordingly, the right to assert additional affirmative defenses if and to the extent that such affirmative defenses are applicable, is hereby reserved.

Wherefore, Defendants prays for judgment as follows:
1. That Plaintiffs be denied any relief sought in the Complaint and that the Complaint be dismissed with prejudice;
2. For costs of suit incurred herein;
3. For such other and further relief as the Court deems just and proper.

DATED: November 11, 2011

Damian Jackson in Pro Per
Diamond & Associates Enterprises, LLC
33160 Wendy Dr
Sterling Heights, MI 48310
(313) 492-8618

Holly Jackson in Pro Per
Diamond & Associates Enterprises, LLC
33160 Wendy Dr.
Sterling Heights, MI 48310
(313) 492-8618

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff,

　　　-vs-　　　　　　　　　　　　　　　　Case no. 2:11-cv-14108-PDB-LJM

DAMIAN JACKSON, HOLLY
JACKSON, TAMMY DANIELS, and
DIAMOND & ASSOCIATES
ENTERPRISES, LLC, individually and
doing business as DIAMOND TAX
SERVICES,

　　　　　　　Defendants.
_____/

FILED

2011 NOV 14 P 1: 59

U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

PROOF OF SERVICE

STATE OF MICHIGAN　)
　　　　　　　　　　　) SS.
COUNTY OF MACOMB )


I DAMIAN JACKSON In Pro Per, hereby state that on November 11, 2011, I did serve copies of defendants answer, with this proof of service by sending the same by priority mail at the U.S Post Office located in Warren Michigan with a delivery confirmation # of 0309 3220 0001 9442 0340, upon the following:

　　　　DANIEL A. APPLEGATE (P70452)
　　　　Trial Attorney, Tax Division
　　　　U. S. Department of Justice
　　　　P.O. Box 7238, Ben Franklin Station
　　　　Washington, D.C.　20044
　　　　Telephone: (202) 353-8180
　　　　Fax: (202) 514-6770
　　　　daniel.a.applegate@usdoj.gov

　　　　Attorney for Plaintiff
　　　　United States of America

Dated: November11, 2011

DAMIAN  JACKSON, In Pro Per
33160 WENDY DR
STERLING HEIGHTS, MI 48310
(313) 492-8618